IN THE UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:23-CV-165

| | |
|---|---|
| DONEGAL MUTUAL INSURANCE COMPANY, AS SUBROGEE OF AGRIFACTURE USA LTD AND ELM PROPERTIES LLC, <br><br>     Plaintiffs, <br><br> v. <br><br> ORDERTECH ACQUISITION ONE, INC., D/B/A CIRCUIT SPECIALISTS; ORDERTECH CORP. D/B/A CIRCUIT SPECIALISTS; CIRCUIT SPECIALISTS, INC.; AND WAYNE THORPE DEVELOPMENT, INC., F/K/A CIRCUIT SPECIALISTS, INC., <br><br>     Defendants | **PETITION FOR REMOVAL** |

PLEASE TAKE NOTICE, that Defendants Ordertech Acquisition One, Inc., d/b/a Circuit Specialists, Ordertech Corp. d/b/a Circuit Specialists, and Circuit Specialists, Inc. by and through undersigned counsel, hereby remove this action from the Superior Court of Henderson County, North Carolina, to the United States District Court for the Western District of North Carolina, Asheville Division pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1446 as follows:

## I. NATURE OF ACTION

1.      Plaintiff Donegal Mutual Insurance Company is a Pennsylvania corporation with a principal place of business at 1195 River Road, Marietta, PA 17547.  See Ex A, Amended Complaint ¶1.

2.      Defendant Ordertech Acquisition One, Inc. is an Arizona corporation with a principal place of business located in Tempe, Arizona.  See Ex A, Amended Complaint ¶4.

3.      On May 31, 2023 Plaintiff filed a civil action against Defendants in Henderson County Superior Court.  On June 7, 2023 Plaintiff served Defendant Ordertech Acquisition One, Inc. with the summons and complaint in this matter.  On June 21, 2023 Plaintiff filed an Amended Complaint.

4.      Plaintiff alleges Defendants' negligence caused a fire that occurred on or about July 5, 2020 in Henderson County, North Carolina that caused damage to the personal property of Agrifacture USA Ltd and Elm Properties, LLC, and that as their insurer, Plaintiff paid Agrifacture USA Ltd and Elm Properties, LLC $227,848.27 pursuant to a contract of insurance.  See Amended Complaint.

5.      Plaintiff now brings suit as subrogee of Agrifacture USA Ltd. and Elm Properties, LLC. to recover from Defendants the amounts Plaintiffs paid its insureds.

## II. DEFENDANT'S PETITION FOR REMOVAL IS TIMELY

6.     Under 28 U.S.C. § 1446(b)(1), this Petition for Removal is timely as it was filed within 30 days of service of Plaintiff's Complaint. 28 U.S.C. §1446(b)(1). Plaintiff filed this civil action in the Superior Court of Henderson County, North Carolina, on May 31, 2023.  Plaintiff served the Complaint upon Defendant Ordertech Acquisition One, Inc., on June 7, 2023.

## III. FEDERAL JURISDICTION EXISTS

7.     Plaintiff seeks to "recover damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00)."  Compl. ¶ 30.

8.     Plaintiff precisely states it seeks damages of at least $272,848.27. Id. ¶23, 29.

9.     Under 28 U.S.C. §1332(a), "[t]he District Courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between…citizens of different states." 28 U.S.C. §1332(a).

10. The amount in controversy exceeds the threshold amount set forth in 28 U.S.C. §1332. Compl. ¶¶ 23, 29. The parties are citizens of different states. Id. ¶¶ 1-7. Therefore, this matter is appropriate for removal under U.S.C. §1332. Additionally, this Notice is timely filed, and thus grounds for removal are proper

3

pursuant to 28 U.S.C. § 1446. Thus, Federal jurisdiction exists in this matter.

## IV. REMOVAL TO THIS DISTRICT COURT IS PROPER

11.     Removal of this civil action to the United States District Court for the Western District of North Carolina, Asheville Division, is proper because Plaintiff filed this action in Henderson County Superior Court, and the Henderson County Superior Court lies within this federal district and division.  28 U.S.C. §1441(a).

## V. CONSENT AND REMOVAL REQUIREMENTS

12.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served to date upon all the parties in this matter are attached hereto as Exhibit A.

13.     The Notice of Removal will promptly be served on counsel for Plaintiff, and a notice of its filing has been filed today with the Clerk of Superior Court of Henderson County, North Carolina, pursuant to 28 U.S.C. § 1446(d), with the notice attached hereto as Exhibit B.

## VI. RESERVATION OF RIGHTS

14.     Defendant hereby reserves any and all rights to assert any defenses to Plaintiff's Complaint.

15.     Defendant hereby reserves the right to amend or supplement this Petition for Removal.

4

WHEREFORE, Defendants Ordertech Acquisition One, Inc., d/b/a Circuit Specialists, Ordertech Corp. d/b/a Circuit Specialists, and Circuit Specialists, Inc., by and through undersigned counsel, hereby gives notice that the above-titled matter has been timely removed to this Court.

This the 3 day of July, 2023.

/s/JOHN E. SPAINHOUR
Bar No: 28089
Attorney for Ordertech Acquisition One, Inc., d/b/a Circuit Specialists, Ordertech Corp. d/b/a Circuit Specialists, and Circuit Specialists, Inc.
McAngus Goudelock & Courie
10 Brook Street, Suite 200
Asheville, North Carolina 28803
**Mailing Address:** Post Office Box 30307
Charlotte, North Carolina 28230
Phone: (828) 575-1900
Fax: (828) 707-9423
Email: jspainhour@mgclaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on 7/3/2023 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

> Email: craab@caudlespears.com
> Email: dnunn@caudlespears.com
> Christopher P. Raab
> Daniel M. Nunn
> Caudle & Spears, PA
> 121 West Trade Street
> Suite 2600
> Charlotte, North Carolina 28202
> Attorney for Donegal Mutual Insurance Company, as subrogee
> of Agrifacture USA LTD.
>
> Email: ciamaichelom@whiteandwilliams.com
> Michael J. Ciamaichelo
> White & Williams LLP - Pennsylvania
> 1650 Market Street
> One Liberty Place, Suite 1800
> Philadelphia, Pennsylvania 19103-7395
> Attorney for Donegal Mutual Insurance Company, as subrogee
> of Agrifacture USA LTD.

It is further certified that on 7/3/2023 a copy of the foregoing was served upon the following by U.S. First Class Mail, postage prepaid and addressed as follows:

> Wayne Thorpe Development, Inc. f/k/a Circuit Specialists, Inc.
> 8467 North 84th Place
> Scottsdale, Arizona 85258
> *Pro Se* Defendant

> /s/ JOHN E. SPAINHOUR
> JOHN E. SPAINHOUR

6

STATE OF NORTH CAROLINA    IN THE GENERAL COURT OF JUSTICE
                                                SUPERIOR COURT DIVISION
COUNTY OF HENDERSON    2023 MAY 31  A 9:58 23-CVS-___ 841

                                    HENDERSON CO., C.S.C.

DONEGAL MUTUAL INSURANCE        )
COMPANY, as subrogee of AGRIFACTURE )
USA LTD. and ELM PROPERTIES LLC,    )
                                    )
        Plaintiffs,                 )
                                    )        **COMPLAINT**
v.                                  )    **(JURY TRIAL DEMANDED)**
                                    )
ORDERTECH ACQUISITION ONE, INC.,    )
d/b/a CIRCUIT SPECIALISTS; CIRCUIT  )
SPECIALISTS, INC.; and WAYNE
THORPE DEVELOPMENT, INC., f/k/a
CIRCUIT SPECIALISTS, INC.,

        Defendants.



NOW COMES THE Plaintiff, Donegal Mutual Insurance Company, as subrogee of

Agrifacture USA Ltd. and Elm Properties LLC, by and through its undersigned attorneys,

demanding judgment against Defendants, Ordertech Acquisition One, Inc. d/b/a Circuit

Specialists, Circuit Specialists, Inc., and Wayne Thorpe Development, Inc. f/k/a Circuit

Specialists, Inc., averring as follows:

                                **PARTIES**

        1.    Plaintiff, Donegal Mutual Insurance Company, as subrogee of Agrifacture USA

Ltd. and Elm Properties LLC ("Plaintiff" or "Donegal"), is a Pennsylvania corporation with a

principal place of business at 1195 River Road, Marietta, PA 17547, and, at all times relevant

hereto, was authorized to issue policies of insurance in the State of North Carolina.

        2.    At all times relevant hereto, Donegal's subrogors, Agrifacture USA Ltd. and/or Elm

Properties LLC ("Agrifacture"), owned property and/or operated a business at 5678 Howard Gap

Road, Flat Rock, NC 28731 ("the Property").

{00864376-3 }
30718826v.1

3.     At all times relevant hereto, Donegal provided insurance coverage to Agrifacture for the property and/or business at the Property pursuant to policy CPP9330779 (the "Policy").

4.     Defendant, Ordertech Acquisition One, Inc. d/b/a Circuit Specialists, is an Arizona corporation with a principal place of business located at 1444 W. 12th Place, Tempe, AZ 85281, and, at all times relevant hereto, was engaged in the business of, *inter alia*, manufacturing, designing, marketing, and/or selling variable transformers.

5.     Defendant, Circuit Specialists, Inc., is an Arizona corporation with a principal place of business located at 1444 W. 12th Place, Tempe, AZ 85281, and, at all times relevant hereto, was engaged in the business of, *inter alia*, manufacturing, designing, marketing, and/or selling variable transformers.

6.     Defendant, Wayne Thorpe Development, Inc. f/k/a Circuit Specialists, Inc., is an Arizona corporation with a principal place of business located at 8467 N. 84th Place, Scottsdale, AZ 85258, and, at all times relevant hereto, was engaged in the business of, *inter alia*, manufacturing, designing, marketing, and/or selling variable transformers.

7.     Defendants Ordertech Acquisition One, Inc. d/b/a Circuit Specialists, Circuit Specialists, Inc., and Wayne Thorpe Development, Inc. f/k/a Circuit Specialists, Inc., are hereinafter individually and collectively referred to as "Circuit Specialists".

## JURISDICTION & VENUE

8.     This Court has jurisdiction over the subject matter of this action.

9.     This Court has personal jurisdiction over the Defendants pursuant to N.C.G.S. § 1-75.4 because: (i.) Defendants are engaged in substantial activity within this state; (ii.) the action arises from acts and/or omissions by Defendants within North Carolina; (iii.) the action is for property damage within North Carolina arising out of an act or omission by Defendants outside of North Carolina, and Defendants at or about the time of the injury carried on solicitation and service

activities within North Carolina; (iv) the action is for property damage within North Carolina arising out of an act or omission by Defendants outside of North Carolina, and the product at issue in this action was produced by Defendants and used or consumed within North Carolina in the ordinary course of trade; (v.) the Property that is the subject of this action is located in North Carolina; (vi.) Donegal contracted to insure the Property in North Carolina; and/or (vii.) Defendants purposefully availed themselves to the laws, protections and privilege of doing business in North Carolina by conducting business here, selling and shipping goods to North Carolina residents, and/or placing goods into the stream of commerce with the intention and expectation that they would be purchased and/or used in North Carolina.

10.     Venue is proper in this Court pursuant to N.C.G.S. § 1-82 because the cause of action arose from events that occurred within Henderson County, North Carolina and the Property that is the subject of this action is located in Henderson County, North Carolina.

### FACTS

11.     On or about July 5, 2020, a fire occurred at the Property causing extensive damage to the real and personal property of Agrifacture (the "Fire").

12.     The Fire originated at a variable transformer (the "Variac").

13.     Upon information and belief, the Fire was caused by the catastrophic failure of the Variac caused by defects in its design, development, assembly, manufacturing, labeling, production, inspection, and/or testing.

14.     The Variac was manufactured, designed, marketed, and/or sold by Circuit Specialists.

15.     Upon information and belief, Circuit Specialists improperly, carelessly, recklessly, defectively, and/or negligently designed, developed, assembled, manufactured, labeled, marketed,

produced, inspected, tested, distributed, and/or sold the Variac, and such failures by Circuit Specialists proximately caused the Fire.

16.    On or about December 3, 2018, Edward McCammon, an officer, principal, agent and/or employee of Agrifacture, visited Circuit Specialists' website and placed an order for the Variac. Upon information and belief, Mr. McCammon was physically present in North Carolina at the time. Attached as **Exhibit A** and incorporated herein by reference is a true and authentic copy of the sales receipt for the Variac.

17.    Circuit Specialists shipped the Variac to Agrifacture in North Carolina via Federal Express.

18.    Following receipt of the Variac by Agrifacture, the Variac was installed and utilized at all times in accordance with all applicable codes, industry standards and manufacturer's instructions as provided by Circuit Specialists.

19.    From the time of purchase until the time of the Fire, no one warned Agrifacture that the Variac was defective or built with defective components.

20.    **Figure 1** displays the remains of the Variac after the Fire.



Figure 1
The Variac

21.    **Figure 2** displays an exemplar of the Variac.



Figure 2
Exemplar of the Variac

22.  As a result of the Fire, Agrifacture sustained extensive property damage and other related expenses to the Property and submitted claims to Donegal for these damages.

23.  Pursuant to the Policy, Donegal indemnified Agrifacture in the amount of $272,848.27 for damages and expenses incurred as a result of the Fire.

24.  By virtue of the aforementioned indemnity payments, and pursuant to the terms of the Policy and common law principles of equitable subrogation, Donegal is subrogated to Agrifacture's right of recovery against any third parties, including Circuit Specialists, for damages arising out of the Fire and all payments made to or on behalf of Agrifacture as a result of the Fire.

### FIRST CLAIM FOR RELIEF
### PRODUCT LIABILITY NEGLIGENCE

25.  Plaintiff realleges and incorporates by reference the averments contained in the preceding paragraphs as if fully set forth at length herein.

26.  Circuit Specialists owed a duty of care to Agrifacture to exercise reasonable care in manufacturing, designing, marketing, and/or selling the Variac and to ensure that it was safe for its foreseeable use and/or to not cause damage and/or other related expenses to the Property.

27.  Circuit Specialists, by and through its agents, employees, servants, representatives and/or workers acting in the course and scope of their employment, breached its duty of care to Agrifacture through one or more of the following acts and/or omissions:

   a)  manufacturing, designing, marketing, and/or selling a defective variable transformer;

   b)  manufacturing, designing, marketing, and/or selling a variable transformer that posed a risk of fire;

   c)  manufacturing, designing, marketing, and/or selling a variable transformer that was unsafe for its intended use;

   d)  failing to properly instruct and/or warn customers and/or users of the Variac that it posed a risk of fire;

e) failing to properly instruct and/or warn customers and/or users regarding inspection, maintenance and/or replacement of the contact brushes inside the Variac;

f) failing to properly instruct and/or warn customers and/or users regarding the risk of spark, fire and/or malfunction if the contact brushes disconnected from the coil surface inside the Variac;

g) failing to properly inspect and/or test the Variac to discover it was unreasonably dangerous and/or defective;

h) failing to discover a defect in the Variac;

i) failing to provide and/or include proper instructions regarding installation, inspection, maintenance, and/or use of the Variac;

j) failing to remove the Variac from the marketplace when Defendant knew or should have known that it was unreasonably dangerous and/or defective;

k) failing to use due care in other ways that may be disclosed or determined through discovery; and/or

l) causing the Fire.

28.     The acts and/or omissions of Circuit Specialists were the direct and proximate cause of the Fire and resulting damages and expenses to the Property.

29.     As a direct and proximate result of Circuit Specialists' breach of duty, Agrifacture sustained damage to the Property and/or incurred other related expenses, for which Donegal made payment to or on behalf of Agrifacture in the amount of $272,848.27.

30.     In consequence of the foregoing, Donegal is entitled to have and recover judgment against Circuit Specialists, jointly and severally, in an amount in excess of $25,000.00 to be proved at trial.

## SECOND CLAIM FOR RELIEF
## BREACH OF IMPLIED WARRANTIES

31.     Plaintiff realleges and incorporates by reference the averments contained in the preceding paragraphs as if fully set forth at length herein.

32.     Agrifacture was the ultimate user of the Variac and a member of the class which Circuit Specialists should have expected to use the Variac.

33.     At the time of the sale of the Variac to Agrifacture, Circuit Specialists was a merchant with respect to the Variac.

34.     By placing the Variac into the stream of commerce and/or by directly selling the Variac to Agrifacture, Circuit specialists impliedly warranted to Agrifacture pursuant to N.C.G.S. §§ 25-2-314 and 25-2-315 that the Variac would be merchantable and fit for the ordinary purposes for which it was intended and/or fit for any particular purpose of Agrifacture of which Circuit Specialists had reason to know.

35.     Agrifacture had a right to rely upon, and in fact did rely upon, the superior skill and judgment of Circuit Specialists in manufacturing, designing, marketing, selling, selecting, and/or furnishing the Variac.

36.     Pursuant to N.C. Gen. Stat. § 25-2-314, Circuit Specialists impliedly warranted that the Variac was merchantable.

37.     Pursuant to N.C. Gen. Stat. § 25-2-315, Circuit Specialists impliedly warranted that the Variac was fit for the particular purpose for which it was required by Agrifacture and of which Circuit Specialists had reason to know, and Agrifacture relied upon Circuit Specialists' skill or judgment in selecting the Variac as the best product for its needs.

38.     Circuit Specialists, by and through its agents, employees, servants, representatives and/or workers acting in the course and scope of their employment, breached its implied warranties to Agrifacture through one or more of the following acts and/or omissions:

   a) manufacturing, designing, marketing, and/or selling a defective variable transformer;

   b) manufacturing, designing, marketing, and/or selling a variable transformer that posed a risk of fire;

c) manufacturing, designing, marketing, and/or selling a variable transformer that was unsafe for its intended or reasonably expected use;

d) manufacturing, designing, marketing, and/or selling a variable transformer that was not of fair average quality;

e) manufacturing, designing, marketing, and/or selling a variable transformer that was not fit for the ordinary purpose for which such goods are used;

f) manufacturing, designing, marketing, and/or selling a variable transformer that was not adequately contained, packaged, and labeled;

g) manufacturing, designing, marketing, and/or selling a variable transformer that did not confirm to the promises or affirmation of act made on the container or label;

h) failing to properly instruct and/or warn customers and/or users of the Variac that it posed a risk of fire;

i) failing to properly instruct and/or warn customers and/or users regarding inspection, maintenance and/or replacement of the contact brushes inside the Variac;

j) failing to properly instruct and/or warn customers and/or users of regarding the risk of spark, fire and/or malfunction if the contact brushes disconnect from the coil surface inside the Variac;

k) failing to properly inspect and/or test the Variac to discover it was unreasonably dangerous and/or defective;

l) failing to discover a defect in the Variac;

m) failing to provide and/or include proper instructions regarding installation, inspection, maintenance, and/or use of the Variac;

n) failing to remove the Variac from the marketplace when Defendant knew or should have known that it was unreasonably dangerous and/or defective;

o) causing the Fire; and/or

p) failing to sell or furnish Agrifacture with a product suitable for Agrifacture's particular purpose of which Circuit Specialists had reason to know and where Agrifacture was relying upon Circuit Specialists skill or judgment to select or furnish suitable goods.

39.     As a direct and proximate result of Circuit Specialists' breach of the foregoing implied warranties, Agrifacture sustained damage to the Property and incurred other related expenses, for which Donegal made payment to or on behalf of Agrifacture in the amount of $272,848.27.

40.     In consequence of the foregoing, Donegal is entitled to have and recover judgment against Circuit Specialists, jointly and severally, in the amount of $272,848.27, together with pre-judgment interest as allowed by law.

**WHEREFORE**, Plaintiff prays this Court that:

1.  Plaintiff have and recover judgment from the Defendants, jointly and severally, on its product liability negligence claim in an amount in excess of $25,000.00;

2.  Plaintiff have and recover judgment from the Defendants, jointly and severally, on its breach of implied warranties claim in the amount of $272,848.27;

3.  Plaintiff have and recover its costs, including pre-judgment interest and attorney fees;

4.  All issues of fact be tried by jury; and

5.  Plaintiff have and recover such other relief as the Court deems just and proper.

*[SIGNATURES ON FOLLOWING PAGE]*

This the ___30TH___ day of May, 2023.

Respectfully submitted,

_Christopher Raab_ (signature)

Christopher P. Raab
N.C. Bar # 37008

_Daniel M. Nunn_ (signature)

Daniel M. Nunn
N.C. Bar #42305

Caudle & Spears, P.A.
121 W. Trade Street, Ste. 2600
Charlotte, NC 28202
Telephone: (704) 377-1200
Facsimile: (704) 338-5858
Email: craab@caudlespears.com
Email: dnunn@caudlespears.com

-and-

MICHAEL J. CIAMAICHELO
White & Williams LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, Pennsylvania 19103-7395
215-864-6380 (phone)
215-789-7581 (facsimile)
Email: ciamaichelom@whiteandwilliams.com
*Pro Hac Vice Motion To Be Filed*

**ATTORNEYS FOR PLAINTIFF**

# Exhibit A

 Gmail

Ed McCammon <edm0428@gmail.com>

## Order Confirmation #154974 at www.circuitspecialists.com - Circuit Specialists

sales@m.circuitspecialists.com <sales@m.circuitspecialists.com>
To: EDM0428@gmail.com

Mon, Dec 3, 2018 at 9:44 AM

 **Circuit**Specialists

# Thank you for your order.

We'll let you know when your order ships.

**Order number:** 154974
**Order date:** 12/03/2018



VARIABLE AC POWER SUPPLY/2000VAWITH DIGITAL
DISPLAY, +-1V ACCURACY

Item #TDGC2-2D

$104.95

Qty: 2                                                      $209.90

## Shipping

**Shipping Address:**
EDWARD MCCAMMON
110 EDNEY STREET
SUITE A
HENDERSONVILLE, NC 28792
828-216-3335

**Shipping Notifications:**
EDM0428@GMAIL.COM

## Delivery

**Delivery Method:**
FDX GROUND

## Payment

**Payment Method:**
PayPal

**Billing Address:**
EDWARD MCCAMMON
110 EDNEY STREET
SUITE A
HENDERSONVILLE, NC 28792

| | |
|---|---|
| Subtotal | $209.90 |
| Tax | $0.00 |
| Shipping | Free |
| **Order Total** | **$209.90** |

# Shopped with us before?

Activate your account now to see all order updates. Just reset your password and you're good to go.

Activate Your Account

---

Questions? Call 1-800-528-1417

To make sure our email updates are delivered to your inbox, please add sales@circuitspecialists.com to your address book.

Circuit Specialists, 819 W Fairmont Dr Ste 2, Tempe, AZ 85282

Account | Shipping | Returns | Privacy Policy

# STATE OF NORTH CAROLINA

**HENDERSON** _____ County

File No. 23-CvS- **841**

In The General Court Of Justice
☐ District ☒ Superior Court Division

**Name Of Plaintiff**
DONEGAL MUTUAL INSURANCE COMPANY, et al.

**Address**
c/o Caudle & Spears, P.A., 121 W. Trade St., Ste. 2600

**City, State, Zip**
Charlotte                    NC        28202

**CIVIL SUMMONS**
☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

G.S. 1A-1, Rules 3 and 4

**VERSUS**

**Name Of Defendant(s)**
OrderTech Acquisition One, Inc., d/b/a Circuit Specialists; Circuit
Specialists, Inc.; and Wayne Thorpe Development, Inc., d/b/a
Circuit Specialists

**Date Original Summons Issued**

**Date(s) Subsequent Summons(es) Issued**

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| OrderTech Acquisition One, Inc., d/b/a Circuit Specialists by serving its Registered Agent, Thierry E. Zerbib 4802 E. Exter Blvd. Phoenix                AZ        86018 | OrderTech Acquisition One, Inc., d/b/a Circuit Specialists by serving an officer, director or managing agent 819 W. Fairmont Drive, Ste. 2 Tempe                AZ        85282 |

⚠ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out!
You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as
possible, and, if needed, speak with someone who reads English and can translate these papers!
**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra!** Estos papeles son documentos legales.
¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible
acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos
documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)**
Christopher P. Raab
Caudle & Spears, P.A.
121 W. Trade Street, Ste. 2600
Charlotte,                    NC        28202

**Date Issued** 5-31-23        **Time** 9:54 ☒ AM ☐ PM

**Signature** X _Kay Cantrell_

☐ Deputy CSC    ☒ Assistant CSC    ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated
above and returned not served. At the request of the plaintiff,
the time within which this Summons must be served is
extended sixty (60) days.

**Date Of Endorsement**                    **Time**                    ☐ AM ☐ PM

**Signature**

☐ Deputy CSC    ☐ Assistant CSC    ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** _Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed._

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

> Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

> Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

HENDERSON _____ County

▶ File No.
23-CvS-841

In The General Court Of Justice
☐ District   ☒ Superior Court Division

| Name Of Plaintiff | |
| --- | --- |
| DONEGAL MUTUAL INSURANCE COMPANY, et al. | |
| Address | |
| c/o Caudle & Spears, P.A., 121 W. Trade St., Ste. 2600 | |
| City, State, Zip | |
| Charlotte          NC          28202 | |

**CIVIL SUMMONS**
☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

G.S. 1A-1, Rules 3 and 4

**VERSUS**

| Name Of Defendant(s) | Date Original Summons Issued |
| --- | --- |
| OrderTech Acquisition One, Inc., d/b/a Circuit Specialists; | |
| OrderTech Corp., d/b/a Circuit Specialists; Circuit Specialists, Inc.; | Date(s) Subsequent Summons(es) Issued |
| and Wayne Thorpe Development, Inc., f/k/a Circuit Specialists, Inc. | |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
| --- | --- |
| OrderTech Corp., d/b/a Circuit Specialists | |
| by serving an officer, director or managing agent | |
| 819 Fairmont Dr., Suite 2 | |
| Tempe                          AZ          85282 | |

⚠️ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out!
You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!
**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra!** Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
| --- | --- | --- |
| Christopher P. Raab | 6/21/23 | 10:03  ☒ AM  ☐ PM |
| Caudle & Spears, P.A. | Signature | |
| 121 W. Trade Street, Ste. 2600 | Morgan Guindotal | |
| Charlotte,          NC          28202 | ☒ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time |
| --- | --- | --- |
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | | ☐ AM  ☐ PM |
| | Signature | |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have* **MANDATORY ARBITRATION** *programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

STATE OF NORTH CAROLINA

COUNTY OF HENDERSON

FILED

2023 JUN 21 AM 10: 03

HENDERSON COUNTY, C.S.C.

m.p

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
23-CVS-841

| | |
|---|---|
| DONEGAL MUTUAL INSURANCE COMPANY, as subrogee of AGRIFACTURE USA LTD. and ELM PROPERTIES LLC, ) ) ) ) | |
| Plaintiff, ) ) | **AMENDED COMPLAINT** <br> **(JURY TRIAL DEMANDED)** |
| versus ) ) | |
| ORDERTECH ACQUISITION ONE, INC. d/b/a CIRCUIT SPECIALISTS; ORDERTECH CORP. d/b/a CIRCUIT SPECIALISTS; CIRCUIT SPECIALISTS, INC.; and WAYNE THORPE DEVELOPMENT, INC. f/k/a CIRCUIT SPECIALISTS, INC., ) ) ) ) ) ) ) | |
| Defendants. ) ) | |

**NOW COMES THE** Plaintiff, Donegal Mutual Insurance Company, as subrogee of

Agrifacture USA Ltd. and Elm Properties LLC, by and through its undersigned attorneys,

amending its Complaint in this action as a matter of right before the filing of a responsive pleading

pursuant to Rule 15(a) of the North Carolina Rules of Civil Procedure, demanding judgment

against Defendants, Ordertech Acquisition One, Inc. d/b/a Circuit Specialists, Ordertech Corp.

d/b/a Circuit Specialists, Circuit Specialists, Inc., and Wayne Thorpe Development, Inc. f/k/a

Circuit Specialists, Inc., avers as follows:

**PARTIES**

1.      Plaintiff, Donegal Mutual Insurance Company, as subrogee of Agrifacture USA

Ltd. and Elm Properties LLC ("Plaintiff" or "Donegal"), is a Pennsylvania corporation with a

principal place of business at 1195 River Road, Marietta, PA 17547, and, at all times relevant

hereto, was authorized to issue policies of insurance in the State of North Carolina.

{00867163-1 }
30798626v.1

2.      At all times relevant hereto, Donegal's subrogors, Agrifacture USA Ltd. and/or Elm Properties LLC ("Agrifacture"), owned property and/or operated a business at 5678 Howard Gap Road, Flat Rock, NC 28731 ("the Property").

3.      At all times relevant hereto, Donegal provided insurance coverage to Agrifacture for the property and/or business at the Property pursuant to policy CPP9330779 (the "Policy").

4.      Defendant, Ordertech Acquisition One, Inc. d/b/a Circuit Specialists, is an Arizona corporation with a principal place of business located at 1444 W. 12th Place, Tempe, AZ 85281, and, at all times relevant hereto, was engaged in the business of, *inter alia*, manufacturing, designing, marketing, and/or selling variable transformers.

5.      Defendant, Ordertech Corp. d/b/a Circuit Specialists, is an Arizona corporation with a principal place of business located at 819 W. Fairmont Drive, Suite 2, Tempe, AZ 85282 and, at all times relevant hereto, was engaged in the business of, *inter alia*, manufacturing, designing, marketing, and/or selling variable transformers.

6.      Defendant, Circuit Specialists, Inc., is an Arizona corporation with a principal place of business located at 1444 W. 12th Place, Tempe, AZ 85281, and, at all times relevant hereto, was engaged in the business of, *inter alia*, manufacturing, designing, marketing, and/or selling variable transformers.

7.      Defendant, Wayne Thorpe Development, Inc. f/k/a Circuit Specialists, Inc., is an Arizona corporation with a principal place of business located at 8467 N. 84th Place, Scottsdale, AZ 85258, and, at all times relevant hereto, was engaged in the business of, *inter alia*, manufacturing, designing, marketing, and/or selling variable transformers.

8.      Defendants Ordertech Acquisition One, Inc. d/b/a Circuit Specialists, Ordertech Corp. d/b/a Circuit Specialists, Circuit Specialists, Inc., and Wayne Thorpe Development, Inc.

f/k/a Circuit Specialists, Inc., are hereinafter individually and collectively referred to as "Circuit Specialists".

## JURISDICTION & VENUE

9.     This Court has jurisdiction over the subject matter of this action.

10.    This Court has personal jurisdiction over the Defendants pursuant to N.C.G.S. § 1-75.4 because: (i.) Defendants are engaged in substantial activity within this state; (ii.) the action arises from acts and/or omissions by Defendants within North Carolina; (iii.) the action is for property damage within North Carolina arising out of an act or omission by Defendants outside of North Carolina, and Defendants at or about the time of the injury carried on solicitation and service activities within North Carolina; (iv) the action is for property damage within North Carolina arising out of an act or omission by Defendants outside of North Carolina, and the product at issue in this action was produced by Defendants and used or consumed within North Carolina in the ordinary course of trade; (v.) the Property that is the subject of this action is located in North Carolina; (vi.) Donegal contracted to insure the Property in North Carolina; and/or (vii.) Defendants purposefully availed themselves to the laws, protections and privilege of doing business in North Carolina by conducting business here, selling and shipping goods to North Carolina residents, and/or placing goods into the stream of commerce with the intention and expectation that they would be purchased and/or used in North Carolina.

11.    Venue is proper in this Court pursuant to N.C.G.S. § 1-82 because the cause of action arose from events that occurred within Henderson County, North Carolina and the Property that is the subject of this action is located in Henderson County, North Carolina.

## **FACTS**

12.    On or about July 5, 2020, a fire occurred at the Property causing extensive damage to the real and personal property of Agrifacture (the "Fire").

13.    The Fire originated at a variable transformer (the "Variac").

14.    Upon information and belief, the Fire was caused by the catastrophic failure of the Variac caused by defects in its design, development, assembly, manufacturing, labeling, production, inspection, and/or testing.

15.    The Variac was manufactured, designed, marketed, and/or sold by Circuit Specialists.

16.    Upon information and belief, Circuit Specialists improperly, carelessly, recklessly, defectively, and/or negligently designed, developed, assembled, manufactured, labeled, marketed, produced, inspected, tested, distributed, and/or sold the Variac, and such failures by Circuit Specialists proximately caused the Fire.

17.    On or about December 3, 2018, Edward McCammon, an officer, principal, agent and/or employee of Agrifacture, visited Circuit Specialists' website and placed an order for the Variac. Upon information and belief, Mr. McCammon was physically present in North Carolina at the time. Attached as **Exhibit A** and incorporated herein by reference is a true and authentic copy of the sales receipt for the Variac.

18.    Circuit Specialists shipped the Variac to Agrifacture in North Carolina via Federal Express.

19.    Following receipt of the Variac by Agrifacture, the Variac was installed and utilized at all times in accordance with all applicable codes, industry standards and manufacturer's instructions as provided by Circuit Specialists.

20.     From the time of purchase until the time of the Fire, no one warned Agrifacture that the Variac was defective or built with defective components.

21.     **Figure 1** displays the remains of the Variac after the Fire.



**Figure 1**
The Variac

22.     **Figure 2** displays an exemplar of the Variac.



**Figure 2**
Exemplar of the Variac

23. As a result of the Fire, Agrifacture sustained extensive property damage and other related expenses to the Property and submitted claims to Donegal for these damages.

24. Pursuant to the Policy, Donegal indemnified Agrifacture in the amount of $272,848.27 for damages and expenses incurred as a result of the Fire.

25. By virtue of the aforementioned indemnity payments, and pursuant to the terms of the Policy and common law principles of equitable subrogation, Donegal is subrogated to Agrifacture's right of recovery against any third parties, including Circuit Specialists, for damages arising out of the Fire and all payments made to or on behalf of Agrifacture as a result of the Fire.

## FIRST CLAIM FOR RELIEF
## PRODUCT LIABILITY NEGLIGENCE

26. Plaintiff realleges and incorporates by reference the averments contained in the preceding paragraphs as if fully set forth at length herein.

27. Circuit Specialists owed a duty of care to Agrifacture to exercise reasonable care in manufacturing, designing, marketing, and/or selling the Variac and to ensure that it was safe for its foreseeable use and/or not cause damage and/or other related expenses to the Property.

28. Circuit Specialists, by and through its agents, employees, servants, representatives and/or workers acting in the course and scope of their employment, breached its duty of care to Agrifacture through one or more of the following acts and/or omissions:

   a) manufacturing, designing, marketing, and/or selling a defective variable transformer;

   b) manufacturing, designing, marketing, and/or selling a variable transformer that posed a risk of fire;

   c) manufacturing, designing, marketing, and/or selling a variable transformer that was unsafe for its intended use;

   d) failing to properly instruct and/or warn customers and/or users of the Variac that it posed a risk of fire;

e) failing to properly instruct and/or warn customers and/or users regarding inspection, maintenance and/or replacement of the contact brushes inside the Variac;

f) failing to properly instruct and/or warn customers and/or users regarding the risk of spark, fire and/or malfunction if the contact brushes disconnected from the coil surface inside the Variac;

g) failing to properly inspect and/or test the Variac to discover it was unreasonably dangerous and/or defective;

h) failing to discover a defect in the Variac;

i) failing to provide and/or include proper instructions regarding installation, inspection, maintenance, and/or use of the Variac;

j) failing to remove the Variac from the marketplace when Defendant knew or should have known that it was unreasonably dangerous and/or defective;

k) failing to use due care in other ways that may be disclosed or determined through discovery; and/or

l) causing the Fire.

29.     The acts and/or omissions of Circuit Specialists were the direct and proximate cause of the Fire and resulting damages and expenses to the Property.

30.     As a direct and proximate result of Circuit Specialists' breach of duty, Agrifacture sustained damage to the Property and/or incurred other related expenses, for which Donegal made payment to or on behalf of Agrifacture in the amount of $272,848.27.

31.     In consequence of the foregoing, Donegal is entitled to have and recover judgment against Circuit Specialists, jointly and severally, in an amount in excess of $25,000.00 to be proved at trial.

## SECOND CLAIM FOR RELIEF
## BREACH OF IMPLIED WARRANTIES

32.     Plaintiff realleges and incorporates by reference the averments contained in the preceding paragraphs as if fully set forth at length herein.

33.     Agrifacture was the ultimate user of the Variac and a member of the class which Circuit Specialists should have expected to use the Variac.

34.     At the time of the sale of the Variac to Agrifacture, Circuit Specialists was a merchant with respect to the Variac.

35.     By placing the Variac into the stream of commerce and/or by directly selling the Variac to Agrifacture, Circuit specialists impliedly warranted to Agrifacture pursuant to N.C.G.S. §§ 25-2-314 and 25-2-315 that the Variac would be merchantable and fit for the ordinary purposes for which it was intended and/or fit for any particular purpose of Agrifacture of which Circuit Specialists had reason to know.

36.     Agrifacture had a right to rely upon, and in fact did rely upon, the superior skill and judgment of Circuit Specialists in manufacturing, designing, marketing, selling, selecting, and/or furnishing the Variac.

37.     Pursuant to N.C. Gen. Stat. § 25-2-314, Circuit Specialists impliedly warranted that the Variac was merchantable.

38.     Pursuant to N.C. Gen. Stat. § 25-2-315, Circuit Specialists impliedly warranted that the Variac was fit for the particular purpose for which it was required by Agrifacture and of which Circuit Specialists had reason to know, and Agrifacture relied upon Circuit Specialists' skill or judgment in selecting the Variac as the best product for its needs.

39.    Circuit Specialists, by and through its agents, employees, servants, representatives and/or workers acting in the course and scope of their employment, breached its implied warranties to Agrifacture through one or more of the following acts and/or omissions:

a) manufacturing, designing, marketing, and/or selling a defective variable transformer;

b) manufacturing, designing, marketing, and/or selling a variable transformer that posed a risk of fire;

c) manufacturing, designing, marketing, and/or selling a variable transformer that was unsafe for its intended or reasonably expected use;

d) manufacturing, designing, marketing, and/or selling a variable transformer that was not of fair average quality;

e) manufacturing, designing, marketing, and/or selling a variable transformer that was not fit for the ordinary purpose for which such goods are used;

f) manufacturing, designing, marketing, and/or selling a variable transformer that was not adequately contained, packaged, and labeled;

g) manufacturing, designing, marketing, and/or selling a variable transformer that did not confirm to the promises or affirmation of act made on the container or label;

h) failing to properly instruct and/or warn customers and/or users of the Variac that it posed a risk of fire;

i) failing to properly instruct and/or warn customers and/or users regarding inspection, maintenance and/or replacement of the contact brushes inside the Variac;

j) failing to properly instruct and/or warn customers and/or users of regarding the risk of spark, fire and/or malfunction if the contact brushes disconnect from the coil surface inside the Variac;

k) failing to properly inspect and/or test the Variac to discover it was unreasonably dangerous and/or defective;

l) failing to discover a defect in the Variac;

m) failing to provide and/or include proper instructions regarding installation, inspection, maintenance, and/or use of the Variac;

n) failing to remove the Variac from the marketplace when Defendant knew or should have known that it was unreasonably dangerous and/or defective;

o) causing the Fire; and/or

p) failing to sell or furnish Agrifacture with a product suitable for Agrifacture's particular purpose of which Circuit Specialists had reason to know and where Agrifacture was relying upon Circuit Specialists skill or judgment to select or furnish suitable goods.

40.     As a direct and proximate result of Circuit Specialists' breach of the foregoing implied warranties, Agrifacture sustained damage to the Property and incurred other related expenses, for which Donegal made payment to or on behalf of Agrifacture in the amount of $272,848.27.

41.     In consequence of the foregoing, Donegal is entitled to have and recover judgment against Circuit Specialists, jointly and severally, in the amount of $272,848.27, together with pre-judgment interest as allowed by law.

**WHEREFORE**, Plaintiff prays this Court that:

1. Plaintiff have and recover judgment from the Defendants, jointly and severally, on its product liability negligence claim in an amount in excess of $25,000.00;

2. Plaintiff have and recover judgment from the Defendants, jointly and severally, on its breach of implied warranties claim in the amount of $272,848.27;

3. Plaintiff have and recover its costs, including pre-judgment interest and attorney fees;

4. All issues of fact be tried by jury; and

5. Plaintiff have and recover such other relief as the Court deems just and proper.

*[SIGNATURES ON THE FOLLOWING PAGE]*

# Exhibit A

 Gmail

Ed McCammon <edm0428@gmail.com>

**Order Confirmation #154974 at www.circuitspecialists.com - Circuit Specialists**

sales@m.circuitspecialists.com <sales@m.circuitspecialists.com>
To: EDM0428@gmail.com

Mon, Dec 3, 2018 at 9:44 AM

 **Circuit**Specialists

# Thank you for your order.

We'll let you know when your order ships.

**Order number:** 154974
**Order date:** 12/03/2018



**VARIABLE AC POWER SUPPLY/2000VAWITH DIGITAL
DISPLAY, +-1V ACCURACY**

Item #TDGC2-2D

$104.95

Qty: 2                                                     $209.90

## Shipping

**Shipping Address:**
EDWARD MCCAMMON
110 EDNEY STREET
SUITE A
HENDERSONVILLE, NC 28792
828-216-3335

**Shipping Notifications:**
EDM0428@GMAIL.COM

## Delivery

**Delivery Method:**
FDX GROUND

## Payment

**Payment Method:**
PayPal

**Billing Address:**
EDWARD MCCAMMON
110 EDNEY STREET
SUITE A
HENDERSONVILLE, NC 28792

| | |
|---|---|
| Subtotal | $209.90 |
| Tax | $0.00 |
| Shipping | Free |
| **Order Total** | **$209.90** |

# Shopped with us before?

Activate your account now to see all order updates. Just reset your password and you're good to go.

Activate Your Account

---

Questions? Call **1-800-528-1417**

To make sure our email updates are delivered to your inbox, please add sales@circuitspecialists.com to your address book.

Circuit Specialists, 819 W Fairmont Dr Ste 2, Tempe, AZ 85282

Account | Shipping | Returns | Privacy Policy

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the pleading or paper to which this Certificate is attached has been served via United States First Class Mail on the following parties to this action in the manner prescribed by Rule 5 of the Rules of Civil Procedure, addressed as follows:

OrderTech Acquisition One, Inc., d/b/a Circuit Specialists
c/o Officer, Director or Managing Agent
819 W. Fairmont Dr., Ste. 2
Tempe, AZ 85282

Circuit Specialists, Inc.
c/o Wayne Thorpe, Registered Agent
8467 N. 84th Place
Scottsdale, AZ 85258

Wayne Thorpe Development, Inc., f/k/a Circuit Specialists
c/o Wayne Thorpe, Registered Agent
8467 N. 84th Place
Scottsdale, AZ 85258

This the 20th day of June, 2023.

_____
Christopher P. Raab
*Attorney for Plaintiffs*

{00867190-1 }

STATE OF NORTH CAROLINA

COUNTY OF HENDERSON

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
23 CVS 841

DONEGAL MUTUAL INSURANCE
COMPANY, AS SUBROGEE OF
AGRIFACTURE USA LTD AND ELM
PROPERTIES LLC,

      Plaintiffs,

v.

ORDERTECH ACQUISITION ONE, INC.,
D/B/A CIRCUIT SPECIALISTS;
ORDERTECH CORP. D/B/A CIRCUIT
SPECIALISTS; CIRCUIT SPECIALISTS,
INC.; AND WAYNE THORPE
DEVELOPMENT, INC., F/K/A CIRCUIT
SPECIALISTS, INC.,

      Defendants.

<u>**NOTICE OF FILING PETITION FOR
REMOVAL**</u>



Please take notice that the Defendants Ordertech Acquisition One, Inc., d/b/a Circuit Specialists, Ordertech Corp. d/b/a Circuit Specialists, and Circuit Specialists, Inc. by and through the undersigned counsel have on the 3rd day of July, 2023, filed with the Clerk of the United States District Court for the Western District of North Carolina a Petition for Removal of the above-captioned matter.  A copy of the Petition for Removal is attached hereto

This the 3rd day of July, 2023.

JOHN E. SPAINHOUR
Bar No:  28089
Attorney for Ordertech Acquisition One,
Inc. d/b/a Circuit Specialists and Circuit
Specialists, Inc.
McAngus Goudelock & Courie, PLLC

10 Brook Street, Suite 200
Asheville, North Carolina 28803
**Mailing Address:** Post Office Box 30307
Charlotte, North Carolina 28230
(828) 575-1900
jspainhour@mgclaw.com

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon all counsel of record by electronic mail and/or by depositing a copy of the same in an official depository of the U.S. Mail in a postage-paid envelope addressed as follows:

Wayne Thorpe Development, Inc. f/k/a Circuit Specialists, Inc.
8467 North 84th Place
Scottsdale, Arizona 85258
*Pro Se* Defendant

Email: craab@caudlespears.com
Email: dnunn@caudlespears.com
Christopher P. Raab
Daniel M. Nunn
Caudle & Spears, PA
121 West Trade Street
Suite 2600
Charlotte, North Carolina  28202
Attorney for Donegal Mutual Insurance Company, as subrogee of Agrifacture USA LTD.

Email: ciamaichelom@whiteandwilliams.com
Michael J. Ciamaichelo
White & Williams LLP - Pennsylvania
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, Pennsylvania 19103-7395
Attorney for Donegal Mutual Insurance Company, as subrogee of Agrifacture USA LTD.

This the 3rd day of July, 2023.

/S/JOHN E. SPAINHOUR

Bar No:  28089
Attorney for Ordertech Acquisition
One, Inc., d/b/a Circuit Specialists,
Ordertech Corp. d/b/a Circuit
Specialists, and Circuit Specialists,
Inc.
McAngus Goudelock & Courie,
PLLC
10 Brook Street, Suite 200
Asheville, North Carolina 28803
**Mailing Address:** Post Office Box
30307
Charlotte, North Carolina 28230
(828) 575-1900
jspainhour@mgclaw.com