# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:23-cv-00165-MR-WCM

| | |
|---|---|
| **DONEGAL MUTUAL INSURANCE COMPANY,** *as subrogee of* Agrifacture USA Ltd and Elm Properties, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> **ORDERTECH ACQUISITION ONE, INC.,** *doing business as* Circuit Specialists; **ORDERTECH CORP.,** *doing business as* Circuit Specialists; **CIRCUIT SPECIALISTS, INC.;** and **WAYNE THORPE DEVELOPMENT, Inc.** *formerly known as* Circuit Specialists, Inc., <br><br> Defendants. | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Remand [Doc. 14] and Defendants' Motion to Amend Notice of Removal. [Doc. 2].

**I.     BACKGROUND**

On May 30, 2023, Donegal Mutual Insurance Co. ("Plaintiff"), as subrogee of Agrifacture USA Ltd. and Elm Properties, LLC, filed this action in the Superior Court for Henderson County against Ordertech Acquisition One, Inc. d/b/a Circuit Specialists ("Ordertech Acquisition"); Circuit Specialists, Inc. ("Circuit Specialists"); and Wayne Thorpe Development, Inc. f/k/a Circuit Specialists, Inc. ("Wayne Thorpe Development"). [Doc. 2-1 at 7]. On June 21, 2023, Plaintiff amended its Complaint to add Ordertech Corp. d/b/a Circuit Specialists ("Ordertech Corp.") as a fourth defendant (collectively "Defendants"). [Doc. 1 at 25].

Plaintiff's Complaint seeks monetary damages in excess of $295,000 based on claims of product liability negligence and breach of implied warranties, for damage to real and personal property it alleges that its insureds sustained as a result of a July 5, 2020, fire. [Doc 2-1 at 9]. Plaintiff contends that this fire "originated at a variable transformer[,]" which was manufactured and/or sold by Defendants. [Id.]

On July 3, 2023, Defendants Ordertech Acquisition and Circuit Specialists filed a Notice of Removal ("Original Notice of Removal") based on federal diversity jurisdiction under 28 U.S.C. §§ 1332(a) and 1446. [Doc. 1 at 1]. Specifically, Defendants assert that diversity jurisdiction exists here

because the parties are citizens of different states and the amount in controversy exceeds $75,000. [Doc. 1 at 3]. However, the Original Notice of Removal failed to specify that Defendant Wayne Thorpe Development consented to removal of this action to federal court and failed to state the principal places of business of each defendant.

Four days later, on July 7, 2023, Defendant Ordertech Acquisition filed a Motion to Amend Notice of Removal ("Proposed Amended Notice"), seeking to "amend the Petition for Removal to correct potential imperfections in the petition: namely, [to provide] more details that all parties are citizens of different states and their principal places of business for the purposes of diversity jurisdiction and an affirmation that all Defendants consent to removal to federal court." [Doc. 2-2 at 5].

On July 21, 2023, Plaintiff filed both a Motion to Remand [Doc. 14] and its Response in Opposition to the Motion to Amend [Doc. 16], arguing that the Proposed Amended Notice is untimely, [Doc. 15 at 4], and that the Original Notice of Removal is procedurally defective and cannot be cured. Ordertech Acquisition filed a Response in Opposition to Plaintiff's Motion to Remand on August 3, 2023, arguing that the Proposed Amended Notice was timely and cured any technical defects in the Original Notice of Removal. [Doc. 19 at 3–9].

The Plaintiff did not file a reply to the Defendant's Response in Opposition to Plaintiff's Motion to Remand, and the time to do so has expired. Thus, the matter has been fully briefed and is ripe for disposition.

## II. STANDARD OF REVIEW

A defendant may remove a civil action from a state court if the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and complete diversity of state citizenship exists between the parties. See 28 U.S.C. § 1332(a).

The party seeking removal has the burden to demonstrate that federal jurisdiction is proper. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). Federal courts are "obliged to construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated." Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (*en banc*) (quoting Mulcahey, 29 F.3d at 151). Therefore, courts must resolve doubts in favor of remand. Strawn v. AT&T Mobility, LLC, 530 F.3d 293, 297 (4th Cir. 2008); Mulcahey, 29 F.3d at 151 ("If federal jurisdiction is doubtful, a remand is necessary."). However, while removal jurisdiction is construed strictly, "the liberal rules of pleading apply to removal allegations."

Scott v. Cricket Commc'ns, LLC, 865 F.3d 189, 195 (4th Cir. 2017) (citing Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 135 S. Ct. 547, 553, 190 L. Ed. 2d 495 (2014)).

**III.     DISCUSSION**

Plaintiff does not dispute that this case could have originally been filed in federal court. Indeed, none of Plaintiff's filings dispute that the parties are of diverse state citizenship and that the amount in controversy exceeds $75,000. Rather, Plaintiff contends that the Original Notice of Removal is procedurally defective and that the Proposed Amended Notice was not timely filed.

Under 28 U.S.C. § 1446(b)(2), when a removable case is filed against a defendant in state court, the defendant has thirty days to file a notice of removal, thereby removing the case to federal court. The thirty-day period begins to run "after receipt by or service on that defendant of the initial pleading or summons . . . ." [Id.].

Rule 4 of the Federal Rules of Civil Procedure, by incorporating North Carolina Rule of Civil Procedure 4(j)(6)(d), provides that service of process can be made on a domestic or foreign corporation, such as Ordertech Acquisition, by "depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint,

addressed to the officer, director, or agent to be served as specified in paragraphs a. and b., delivering to the addressee, and obtaining a delivery receipt." However, "North Carolina law requires that service of process statutes be strictly construed and followed, and a plaintiff who fails to comply with them . . . does not properly serve the defendant." Shaver v. Cooleemee Volunteer Fire Dept., Civ. No. 1:07cv00175, 2008 WL 942560, at *2 (M.D.N.C. Apr. 7, 2008) (citing Stack v. Union Reg'l Mem. Med. Ctr., Inc., 614 S.E.2d 378, 382 (N.C. Ct. App. 2005); Greenup v. Register, 410 S.E.2d 398, 400 (N.C. Ct. App. 1991); Broughton v. Dumont, 259 S.E.2d 361, 363 (N.C. Ct. App. 1997)).

Plaintiff argues that the thirty-day removal period began on June 5, 2023. On that date, Plaintiff delivered Summons and Complaint via Federal Express addressed to "Ordertech Acquisition One, Inc. d/b/a Circuit Specialists c/o Officer, Director or Managing Agent" to "819 W. Fairmont Drive, Ste. 2, Tempe, AZ 85282." [Doc. 13 at 2]. However, this delivery did not comply with the outlined requirements of Rule 4.

The documents were delivered to Mr. Seth Nolan, a tenant at the above address who was not, and is not, "an agent, officer, manager, managing agent, employee, shareholder or director" of Ordertech Acquisition. [See Doc. 19 at 4]. Mr. Nolan was further not the addressee, nor was he in any

6

Case 1:23-cv-00165-MR-WCM   Document 26   Filed 09/01/23   Page 6 of 8

way authorized by Ordertech Acquisition to accept service on its behalf. [Id. at 5]. Additionally, Ordertech Acquisition has not occupied space at the above address in over two years and the address is not its principal place of business or its registered office for service of process. [Id.]. As Plaintiff failed to strictly comply with Rule 4's requirements, service of process was not achieved on June 5. Rather, as defendant Ordertech Acquisition contends, proper service was obtained at the earliest on June 7, 2023, when Mr. Nolan delivered Plaintiff's Summons and Complaint to Ordertech Acquisition and it obtained personal knowledge of the litigation. [Doc. 19 at 4].[1] Thus, the Court concludes that the thirty-day period under 28 U.S.C. 1446(b)(2) had not expired by July 7, 2023.

It is well settled that "[d]uring this thirty-day window, a defendant generally may amend the notice of removal." Rutledge v. Frontline Asset Strategies, LLC, Civ. No. 5:19-cv-00217, 2019 WL 6883729, at *2 (S.D. W. Va. Dec. 17, 2019) (citing Muhlenbeck v. K.I., LLC, 304 F. Supp. 2d 797, 799 (E.D. Va. 2004) (noting that, "during that thirty-day removal period, a defendant seeking removal generally has the right to amend its removal petition to include either missing or imperfectly stated grounds")). Defendant

---

[1] The Court offers no opinion as to whether such delivery by Mr. Nolan would constitute proper service.

7

Case 1:23-cv-00165-MR-WCM   Document 26   Filed 09/01/23   Page 7 of 8

Ordertech Acquisition filed its Amended Notice within that thirty-day period. As such, this Court will grant Defendants' timely Motion to Amend Notice of Removal.

Since the Proposed Amended Notice clearly states the grounds for this Court's exercise of jurisdiction under 28 U.S.C. § 1332(a) and that each individual defendant consents to removal, the technical deficiencies complained of by Plaintiff are cured. Accordingly, this Court will deny Plaintiff's Motion to Remand.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Defendants timely moved to amend the Notice of Removal under 28 U.S.C. § 1446(b)(2) and that this case was properly removed from state court pursuant to 28 U.S.C. § 1332(a).

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Remand [Doc. 14] is **DENIED** and that Defendants' Motion to Amend Notice of Removal [Doc. 2] is hereby **GRANTED.**

**IT IS SO ORDERED.**  Signed: August 31, 2023

Martin Reidinger
Chief United States District Judge

8

Case 1:23-cv-00165-MR-WCM   Document 26   Filed 09/01/23   Page 8 of 8